HENNESSY, RESPONDENT, *v.* KENNEDY FURNITURE COMPANY, APPELLANT.

(No. 1,850.)

(Submitted March 28, 1904.    Decided April 18, 1904.)

*Evidence—Receipts—Parol Explanation — Appeal—Findings of Fact—Review.*

1. In an action on an assigned demand there was admitted in evidence on behalf of plaintiff a so-called "duplicate" written assignent, but on appeal by defendant it did not appear from the record whether the original or duplicate assignment was delivered to plaintiff by the assignor, or whether the paper admitted in evidence was merely a copy of the original. *Held,* that it was not shown that error was committed, even if the original or duplicate should have been produced instead of a copy.
2. Plaintiff claimed that she deposited with defendant money to be applied on the price of furniture, on an understanding that, if the sale should not be consummated, the money should be returned, and defendant claimed there was a sale and part payment. *Held,* that it was proper to admit testimony on behalf of plaintiff to explain the purpose and meaning of a receipt given by defendant to plaintiff.
3. Findings of the trial court, based on conflicting evidence, will not be disturbed on appeal.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by D. J. Hennessy against the Kennedy Furniture Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

*Messrs. Pemberton & Maury,* for Appellant.

*Mr. Miles J. Cavanaugh,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court.

Appeal from a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial.

It appears from the complaint that one Mrs. Gwin, on or about September 5, 1900, deposited with the defendant the sum of $500, to be applied on the purchase price of certain furniture, with the agreement that if, for any cause, the sale should not be consummated, the money should be returned to her; that the sale "fell through," whereupon she demanded the return of the money, which was refused; that she assigned the claim to plaintiff; and that nothing of value was ever received from the defendant by either plaintiff or his assignor, Mrs. Gwin.

The answer denied the making of the assignment to plaintiff, and alleged that the defendant agreed to sell and deliver to Mrs. Gwin furniture of the value of $4,215, which she agreed to receive, and that the $500 was a partial payment on the purchase price. Other allegations in the pleadings need not be stated.

The case came on for trial before the court sitting without a jury. At the outset of the trial it was admitted that before the commencement of the action the defendant had notice of the assignment of the claim to plaintiff, and that a demand had been made for the payment of the $500. Mrs. Gwin testified that she had assigned her claim against the defendant to plaintiff. The court admitted in evidence, over the objection of defendant, a so-called "duplicate" written assignment, whereby Mrs. Gwin transferred the claim to plaintiff. It is not clear from the record whether the original or duplicate assignment was delivered to plaintiff by Mrs. Gwin, or whether the so-called duplicate admitted in evidence was merely a copy of the original. Hence it is not apparent that error was committed, even if it be conceded that the original or duplicate should have been produced instead of a copy.

When Mrs. Gwin deposited the money with defendant she was given a receipt for it, and the defendant now claims that she and her assignee are bound by its terms. Considerable testimony was adduced on the part of plaintiff, without objection on the part of defendant, to explain how the receipt came to be given, and what it was intended for. We are of the opinion that from the facts apparent in the record this testimony was clearly competent. As said by this court in the case of *Ramsdell* v. *Clark*, 20 Mont. 103, 49 Pac. 591: "Whether a receipt possesses any contractual feature or not must often be determined from its entire language, and also, at times, from the language in connection with the circumstances under which it was given."

The lower court found, in effect, that the receipt was not evidence of a contract between the parties, but was simply intended as an acknowledgment of money deposited with defendant by

Mrs. Gwin. The testimony was conflicting, and the court found for plaintiff. Its findings of fact based upon such testimony will not be disturbed. (*Nelson* v. *Great Northern Ry.,* 28 Mont. 297, 72 Pac. 642.)

The judgment and order should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.